JAMES STEINBACH v. STATE.

No. A-833. Opinion Filed November 23, 1911.

Appeal from Alfalfa County Court; F. M. Gustin, Judge. .

James Steinbach was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

Titus & Carpenter, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, James Steinbach, was convicted in the county court of Alfalfa county on the 9th day of May, 1910, on a charge of having in his possession beer for the unlawful purpose of selling the same, and his punishment fixed at a fine of two hundred and fifty dollars and imprisonment in the county jail for a period of 90 days. The record shows that on the 24th day of December, 1909, the town marshal of Carmen, a town situated in Alfalfa county, went to the place of business of the accused with a search warrant and seized one hundred two bottles of ''Pablo,'' and on the same day, and in the same town, seized a number of bottles of different kinds of beveridges from a person referred to in the testimony as ''Dutch John''; that all of said bottles were placed in the city jail, and a few days thereafter the marshal and some other persons invoiced, sorted and placed the bottles in a cave in the possession of one R. F. Boyce, a justice of the peace in said town. A short time thereafter the county attorney went to the cave and took some of the bottles belonging, as the state contends, to the accused and to ''Dutch John.'' He kept them in his office some few days and then delivered them to the sheriff, who in turn sent two bottles to the state chemist, Dr. DeBarr, for analysis. One of these bottles, it is contended by the state, was from the lot seized from the accused, the other from those seized from ''Dutch John.'' The prosecution introduced at the trial a bottle marked ''Exihbit A'', which the state contends was selected from the seizure made at the place of business of the accused. This bottle had a crown or top with the word ''Pabst'' in plain letters across the face. Dr. DeBarr testified that ''Exhibit A'' was examined by him and that it contained beer. He further testified that ''Pablo'' rarely ever goes over one-half of one per cent. alcohol; that there were several other bottles received from the sheriff in the same package with ''Exhibit A.'' He further testified that a bottle of ''Pablo'' selected from this seizure contained .38 per cent. alcohol. The accused sought to introduce testimony tending to show that the state's ''Exhibit A'' was never owned by him, and was by mistake taken from the other seizure. The court refused to allow the introduction of this testimony. The court should have permitted the introduction of this testimony by the plaintiff in error. He had a right to introduce whatever competent proof he could, tending to show a mistake had occurred. The identity of ''Exhibit A'' is very unsatisfactory, and especially should this testimony have been admitted in view of this fact. The judgment of the trial court is reversed and the cause remanded with directions to grant the plaintiff in error a new trial.